1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DONALD CHARLES and THERESA M.          No.  1:15-cv-01451-DAD-JLT
    BLAIR,
12
              Plaintiffs,
13                                         ORDER GRANTING MOTION TO DISMISS,
         v.                                DISMISSING THE FIRST AMENDED
14                                         COMPLAINT WITH PREJUDICE, DENYING
    OCWEN LOAN SERVICING, LLC,             PLAINTIFF'S MOTION FOR LEAVE TO
15  NATIONWIDE CREDIT INC., U.S.           AMEND AND DIRECTING CLERK TO
    BANK NATIONAL ASSOCIATION, and         CLOSE CASE
16  DEUTSCHE BANK NATIONAL TRUST
    COMPANY, as indenture trustee under the  (Doc. Nos. 10, 15, 20)
17  indenture dated as of March 1, 2006
    Accredited Mortgage Loan Trust 2006-1,
18
              Defendants.
19

20

21         Plaintiffs filed a complaint in the instant case on September 24, 2015.  (Doc. No. 1.)

22  Following a motion to dismiss filed by defendants Ocwen Loan Servicing, Nationwide Credit

23  Inc., and U.S. Bank National Association[1] (hereinafter "defendants") on November 23, 2015

24  (Doc. No. 4), plaintiffs filed a first amended complaint ("FAC") on December 4, 2015.  (Doc. No.

25  10.)  Defendants filed a motion to dismiss the FAC on December 30, 2015.  (Doc. No. 15.)

26  Plaintiffs did not file an opposition to the motion to dismiss.  A hearing was held on March 1,

27  _____

28  [1] Defendant Deutsche Bank has not appeared in this matter, presumably because it was not
    properly served.  *See infra*.

                                         1

2016.  (Doc. No. 21.)  At that hearing pro se plaintiffs Donald Blair and Theresa Blair appeared telephonically on their own behalf and attorney Nicole King appeared telephonically on behalf of defendants.  For the reasons discussed below, the court will grant defendants' motion to dismiss.[2]

### A.     Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2]  On February 29, 2016, the day before the hearing on the motion to dismiss, plaintiffs filed a second amended complaint.  (*See* Doc. Nos. 19, 20.)  This filing will be addressed separately below.

1   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

2   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

3   not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

4   459 U.S. 519, 526 (1983).

5        In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

6   to consider material which is properly submitted as part of the complaint, documents that are not

7   physically attached to the complaint if their authenticity is not contested and the plaintiffs'

8   complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*,

9   250 F.3d 668, 688–89 (9th Cir. 2001).  Additionally, the court may consider arguments that the

10  complaint is time-barred on a motion to dismiss, provided it does so with the required liberality in

11  construing pleadings in favor of the plaintiffs and does not require the court to consider evidence

12  beyond the plaintiffs' initial filings.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

13  Cir. 1980); *E.E.O.C. v. ABM Industries Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008).  *Compare

14  Bates v. Bankers Life and Cas. Co.*, 993 F. Supp. 2d 1318, 1352 (D. Ore. 2014) (noting a motion

15  which "require[d] consideration of evidence beyond the four corners of plaintiffs' complaint" was

16  better left for summary judgment stage).

17       **B.    Arguments**

18       Plaintiffs' FAC raised four claims, one against each defendant, for violation of the Fair

19  Debt Collection Practices Act ("FDCPA").  (Doc. No. 10, at 1–21.)  The FAC alleges each of the

20  defendants is a debt collector as defined in 15 U.S.C. § 1692a, and that there "is no evidence,

21  indication or record that the defendant is part of the chain of title for the note and trust deed that

22  are the subject matter of this complaint."  (*See, e.g.*, Doc. No. 10, at 17.)  Further, in their FAC

23  plaintiffs allege the defendants engaged in "unfair and deceptive collection practices involving

24  collateral against which the defendant have falsely asserted various rights or claims."  (*Id.*)

25  According to the FAC, defendants "began sending written communication to the plaintiff stating

26  [they were] representing various parties having rights under the same trust deed," and ultimately

27  "complete[d] a foreclosure sale of the plaintiff's property."  (*See, e.g.*, *id.* at 18–19.)  "The

28  purported debt is not a debt held or collected under the name of the defendant," per the FAC, and

the defendants made false representations regarding their status as the holder of the notes in question, the amount allegedly owed, and the defendants' right to foreclose against the plaintiffs' home. (*See, e.g.*, *id.* at 19.)  Further, plaintiffs allege in the FAC that the defendants purportedly refused to provide an accounting of the unpaid balances, falsely represented the names of the creditors to whom the debt was owed, threatened to undertake a foreclosure action despite having no right to do so, falsified documents so they appeared to be issued by "a court, official, or agency of the United States or the state" (though which state in particular is not specified), and falsely represented that the plaintiffs' credit accounts were sold for value.  (*See, e.g.*, *id.* at 20.)  At hearing on the pending motion to dismiss, plaintiffs clarified that their complaint is essentially that they did not borrow money from the named defendants, who now represent that they own the debt and corresponding mortgage and are attempting to collect the debt and/or foreclose on the property pursuant to the mortgage.  Plaintiffs allege that the simple fact defendants are attempting to do these things violates the FDCPA.

Additionally, plaintiffs have raised four claims — again, one against each defendant — alleging "identity theft." (Doc. No. 10, at 21–44.)  These claims, which are substantively identical, save for the named defendants, allege generally that plaintiffs have "a right to keep [their] private information and records from third parties" and "a right to rely upon the third party to only request such information for legitimate and legal purposes." (*See, e.g.*, Doc No. 10, at 36.)  Plaintiffs further allege that each defendant "falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property." (*See, e.g.*, *id*.)  According to the FAC, defendants "had an affirmative duty to disclose the purposes for which it coerced plaintiff's [sic] banking, personal, financial and identifying information," and "intentionally and willfully violated the plaintiff's [sic] rights to privacy and to keep his private and personal records private." (*See, e.g.*, *id*, at 36–37.)  According to plaintiffs' FAC, defendants are "using the plaintiff's [sic] private identifying information for the purpose of taking the plaintiff's [sic] home as if [they] had the right as a creditor of the plaintiff to foreclose." (*See, e.g.*, *id*., at 37.)  Further, per the FAC, the defendants intend "to use the plaintiff's [sic] private information to sell or trade with third parties." (*See, e.g.*, *id*.)

Plaintiffs have cited neither statutes nor cases in these claims for "identity theft." (*See* Doc. No. 10, at 21–44.)  Plaintiff Donald Blair clarified at the hearing that plaintiffs' claim for identity theft is simply based on their allegation that they did not provide defendants with any personal information, and yet defendants apparently possess it, and therefore identity theft must have occurred.

Finally, the FAC includes one count against Deutsche Bank for damages under 15 U.S.C. § 1635. (Doc. No. 10, at 45.)  For reasons discussed below, all of plaintiffs' claims against Deutsche Bank will be dismissed since that defendant has not been served.

Defendants move to dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Doc. No. 15.)  Concerning plaintiffs' FDCPA claims, defendants maintain they should be dismissed for four reasons:  (1) the plaintiffs' claims are time-barred; (2) defendants Ocwen Loan Servicing, Nationwide Credit Inc., and U.S. Bank National Association are not debt collectors under the FDCPA; (3) foreclosure related conduct is not subject to the FDCPA; and (4) in their FAC plaintiffs have failed to allege any specific facts which, if proven, would show that the FDCPA has been violated.  (Doc. No. 15, at 12–18.)  Concerning plaintiffs' identity theft claims, defendants move to dismiss under Rule 12(b)(6), noting that plaintiffs have not specified any legal theory under which they could recover for "identity theft" against the defendants.  (Doc. No. 15, at 18.)

As noted above, plaintiffs have filed no opposition to the pending motion to dismiss, though they noted at the hearing that they do oppose the granting on of the motion based upon their comments at the hearing.

**C.    Analysis**

   *1.    FDCPA Claims are Time-Barred and Fail to State a Cognizable Claim*

Concerning the FDCPA claims, defendants appear to be correct, at least in regard to defendants Ocwen and Nationwide, that plaintiffs' claim is time-barred.  Title 15 U.S.C. § 1692k (d) states an action to enforce any liability created by 15 U.S.C. § 1692, *et seq.* must be brought within one year of the date of the violation.  Here, the documents attached to the FAC show plaintiffs have been receiving documents from Ocwen since at least June 2012 (*see* Doc. No. 10

1   at 49), and from Nationwide since at least October 29, 2013.  (*see* Doc. No. 10, at 104.)  As

2   clarified at the hearing, plaintiffs object generally to defendants' involvement in their mortgage,

3   since their original mortgage was incurred via a debt from Morgan Stanley, who apparently no

4   longer owns the debt.  If plaintiffs believed the very fact of Ocwen and/or Nationwide's

5   involvement in the collection of the debt owed on their mortgage somehow violated the FDCPA,

6   they should have brought suit against Ocwen by June 2013 and Nationwide by October 2014.

7   However, the instant action was not filed until September 24, 2015.  (Doc. No. 1.)  Further, at the

8   hearing on the motion, plaintiffs conceded they had been submitting requests to Ocwen to modify

9   the terms of their loan repayment for at least two years prior to filing this action.  This concession

10  does indicate that plaintiffs knew Ocwen was involved in processing the mortgage loan.  Because

11  of this, any claims plaintiffs raised under the FDCPA in relation to the simple fact of Ocwen and

12  Nationwide's involvement in plaintiffs' mortgage are time-barred under the applicable statute.[3]

13       As clarified by defendants' counsel at the hearing, U.S. Bank National Association is the

14  investor in plaintiffs' mortgage, and presumably the current owner of the debt owed.  Plaintiffs

15  have not stated a cognizable claim in their FAC under the FDCPA against U.S. Bank National

16  Association.  Plaintiffs merely asserted boilerplate claims against each of the named defendants in

17  their FAC and failed even to identify in the documents submitted to the court how U.S. Bank

18  National Association was involved in their mortgage, let alone provide any specific factual

19  allegations which, if proven, would show that defendant U.S. Bank National Association violated

20  any of the FDCPA's subsections.  Since "[t]hreadbare recitals of the elements of a cause of

21  action, supported by mere conclusory statements, do not suffice" under Rule 12(b)(6), plaintiffs'

22  /////

---

23  [3]  The court acknowledges that the FDCPA obviously protects consumers from numerous
24  different abusive acts of debt collectors, *see* 15 U.S.C. § 1692, *et seq.*, and the simple fact of
     plaintiffs' knowledge of Ocwen and Nationwide's involvement does not mean *all* future
25  communications from the defendants are protected from liability under the FDCPA.  A cause of
     action for a violation of the FDCPA, however, arises at the time the violation occurs, not at the
26  time the relationship begins.  *See, e.g.*, *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222,
     1232 (C.D. Cal. 2007).  The claim here is subject to dismissal because, as plaintiffs conceded at
27  the hearing on the pending motion, it is based solely on the simple fact of Ocwen, *et al.*'s
     involvement with their debt.

28

1   FAC must be dismissed against defendant U.S. Bank National Association. *See Ashcroft v. Iqbal*,

2   556 U.S. 662, 678–79 (2009).

3         *2.     Plaintiff Fails to State a Cognizable Claim for Identity Theft*

4         Plaintiffs' claims for "identity theft" are based on their allegation that, because defendants

5   possess information not directly provided to them by plaintiffs, identity theft must have occurred.[4]

6   Dismissal under Rule 12(b)(6) can be properly "based on the lack of a cognizable legal theory or

7   the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific*

8   *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiffs have cited no authority in support of

9   such a claim (*see* Doc. No. 10, at 21–44) and the court has found none.  Because the facts alleged

10   state no cognizable legal theory for recovery based upon identity theft, these claims must be

11   dismissed.[5]

12         *3.     Motion for Leave to Amend is Denied*

13         As mentioned previously, plaintiffs filed a second amended complaint ("SAC") the day

14   before the hearing on the motion to dismiss.  (Doc. Nos. 19, 20.)  As the court advised plaintiffs

15   at the hearing on the pending motion, Rule 15(a)(1) of the Federal Rules of Civil Procedure

16   allows for only one amended complaint as a matter of right, which plaintiffs have already been

17

18   ――――――――――――――

[4]  This position was the one adopted by plaintiffs at the hearing on this motion, though it runs

19   somewhat counter to the allegation of the FAC, where plaintiffs alleged that defendants
"threatened the plaintiffs with the taking their home [sic] and money unless they provided certain

20   financial, personal, banking and identifying information to the defendant."  (Doc. No. 10, at 42.)

[5]  To the extent these claims are attempting to allege some sort of fraud, they must be pled with

21   greater particularity than plaintiffs have done here. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or

22   mistake, a party must state with particularity the circumstances constituting fraud or mistake.").
In the RICO context, for instance, the Ninth Circuit Court of Appeals has noted a complaint must

23   "state the time, place, and specific content of the false representations as well as the identities of
the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.

24   2004).  Further, while a plaintiff's complaint need not specifically identify false statements made

25   by each and every defendant in an alleged fraudulent scheme, "Rule 9(b) does not allow a
complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their

26   allegations when suing more than one defendant and inform each defendant separately of the
allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d

27   756, 764–65 (9th Cir. 2007).  Here, the allegations of plaintiffs' FAC are general and identical
against each defendant, and do not differentiate how each of the named defendants participated in

28   any purported fraud plaintiffs might be attempting to allege.

1     permitted.  Further amendments require either the opposing party's written consent or the

2     granting of leave by the court.  Fed. R. Civ. Proc. 15(a)(2).  Here, defendants have moved to

3     dismiss with prejudice and have not consented to further amendment.

4          The undersigned has carefully considered whether plaintiffs may further amend their

5     complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

6     amend include undue delay, bad faith, prejudice, and futility."  *California Architectural Bldg.*

7     *Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See</u> <u>also</u> <u>Klamath-Lake</u>

8     <u>Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

9     while leave to amend shall be freely given, the court does not have to allow futile amendments).

10    When evaluating the failure to state a claim, the complaint of pro se plaintiffs may be dismissed

11    "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his

12    claim which would entitle him to relief.'"  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

13    1984) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  *See also Weilburg v. Shapiro*, 488

14    F.3d 1202, 1205 (9th Cir. 2007).  Similarly, "[a] motion for leave to amend may be denied if it

15    appears to be futile or legally insufficient."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

16    Cir. 1988).  "[A] proposed amendment is futile only if no set of facts can be proved under the

17    amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Id.*

18         Here, the court concludes that granting the plaintiffs further leave to amend would be

19    futile.  After defendants moved to dismiss the original complaint filed in this action, plaintiffs

20    responded by filing an amended complaint.  (Doc. Nos. 4 & 10.)  Thus, plaintiffs have already

21    had one opportunity to correct the deficiencies noted by defendants.  Moreover, the court asked

22    plaintiffs at the hearing on the pending motion to dismiss their first amended complaint what

23    differed between their FAC and their proposed SAC.  Plaintiff Donald Blair responded to the

24    court's inquiry by stating that the SAC contained language explaining that defendant Ocwen has

25    been accused of improprieties in other parts of the country.  He also noted plaintiffs filed the SAC

26    to try to be more specific in their allegations, in light of defendants' motion to dismiss.  In their

27    proposed SAC, plaintiffs changed the language of their allegations somewhat and do specifically

28    identify some subsections of the FDCPA alleged to have been violated, albeit in a boilerplate

1  format for each defendant, without additional substantive factual support.  However, the proposed

2  SAC does not address the issue of the time bar raised by defendants Ocwen and Nationwide, nor

3  does it state with any additional factual specificity how defendant U.S. Bank National Association

4  allegedly violated the FDCPA.  Further, the proposed SAC does not clarify the legal basis upon

5  which plaintiffs allege a right to recover for "identity theft."  Finally, plaintiffs indicated at the

6  hearing that through their SAC they continued to seek to challenge the simple fact of defendants'

7  involvement in collecting their home mortgage debt and/or foreclosing on their home.

8         In short, the allegations plaintiffs have been able to level are insufficient to state a claim

9  under the FDCPA.  Their proposed SAC does nothing to resolve that insufficiency and no set of

10  facts can be proved by plaintiffs under a further amendment to their pleadings that would

11  constitute a valid and sufficient claim.  Therefore, the court will dismiss plaintiffs' first amended

12  complaint with prejudice and deny further leave to amend.

13         *4.    Defendant Deutsche Bank Not Properly Served*

14         Finally, the court must address plaintiffs' claims against defendant Deutsche Bank, which

15  has not appeared in this matter.  Plaintiffs asserted at the hearing they believed they had properly

16  served Deutsche Bank.  However, no proof of service was submitted to the court by plaintiffs,[6] as

17  required by Rule 4 of the Federal Rules of Civil Procedure and Local Rules of the Eastern

18  District, Rule 210(b).  Therefore the court will deem Deutsche Bank to not have been properly

19  served.  Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in

20  service.  *See Oyama v. Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001); *Walker v. Sumner*, 14 F.3d

21  1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472

22  (1995) (upholding a dismissal for failure to serve a defendant).[7]  Accordingly, plaintiffs' claims

23  _____

24  [6] The court notes a certificate of service is attached to the second amended complaint asserting
   that the attorney for each defendant (Jason Barbato, the former attorney for defendants Ocwen,
25  Nationwide, and U.S. Bank) was served by mail.  (Doc. No. 20, at 170.)  Since no attorney has
   appeared for Deutsche Bank, it still does not appear defendant Deutsche Bank was served.

26  [7] If "the plaintiff shows good cause for the failure [to serve defendant within 90 days of the
27  complaint's filing], the court must extend the time for service for an appropriate period."  Fed. R.
   Civ. Proc. 4(m).  Plaintiffs have not shown good cause for their failure to serve defendant
28  Deutsche Bank, and therefore the court will not extend the time for service.

1   against Deutsche Bank are dismissed as well.[8]

2          For the reasons set forth above:

3          1.  Defendants' motion to dismiss (Doc. No. 15) is GRANTED;

4          2.  Plaintiffs' first amended complaint (Doc. No. 10) is DISMISSED WITH PREJUDICE;

5          3.  Plaintiff's proposed second amended complaint (Doc. No. 20), construed as a motion

6          for leave to amend, is DENIED; and

7          4.  The Clerk of Court is directed to CLOSE this case.

8   IT IS SO ORDERED.

9   Dated:   **March 3, 2016**                          _____

10                                                      UNITED STATES DISTRICT JUDGE

---

[8]  Even if defendant Deutsche Bank been properly served and had appeared in this action, dismissal would be appropriate for all of the same reasons as set forth above with respect to the moving defendants.  *See Seismic Reservoir 2020, Inc. v. Paulsson,* 785 F.3d 330, 335 (9th Cir. 2015)*; Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).