UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CHARLES and THERESA M. BLAIR, | No. 1:15-cv-1451-DAD-JLT |
| Plaintiffs, | |
| v. | ORDER DENYING PETITION TO PERPETUATE TESTIMONY |
| OCWEN LOAN SERVICING, LLC, et al., | (Doc. No. 26) |
| Defendants. | |

On April 1, 2016, plaintiffs filed a petition to perpetuate testimony in this action. (Doc. No. 26.) The petition seeks to require depositions of defendants, including requiring defendants to produce witnesses to testify about the transfer and assignment of an unspecified "note and trust deed," presumably to plaintiffs' property. Plaintiffs' complaint had alleged defendants violated the Fair Debt Collection Practices Act by attempting to collect on plaintiffs' mortgage. On March 4, 2016, this court granted defendants' motion to dismiss and plaintiff's complaint was dismissed by the court with prejudice. (Doc. No. 22.)

Plaintiffs filed a notice of appeal to the Ninth Circuit, seeking review of this court's order dismissing the complaint with prejudice, on the same day that they filed the instant petition. (Doc. No. 24.) Generally speaking, the filing of a notice of appeal is an event of jurisdictional

significance: "[I]t confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Since plaintiffs are effectively seeking discovery in an action which this court has dismissed with prejudice (a decision plaintiffs are appealing), this court lacks a jurisdictional basis to hear their petition to perpetuate testimony.

In addition to the noted absence of jurisdiction, this court also observes that plaintiffs are not in the correct procedural posture and have not set out the necessary requirements to be granted the relief they seek in any event. Although not cited by plaintiffs, Federal Rule of Civil Procedure 27 permits the taking of deposition testimony *in advance* of litigation, not after the matter has been concluded against them. *See* Fed. R. Civ. P. 27(a)(1)(A) (requiring petitioner to show she "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought"). "Courts have held that the requirements of Rule 27(a) have been met where an individual seeking discovery: 1) shows he is acting in 'anticipation of litigation in federal court'; 2) 'adequately explain[s]' the substance of the testimony he seeks to obtain; and 3) presents evidence that there is a 'significant risk' that the evidence will be lost if it is not perpetuated." *Tennison v. Henry*, 203 F.R.D. 435, 440 (N.D. Cal. 2001) (quoting *Calderon v. U.S. Dist. Ct. for Northern Dist. of Calif.*, 144 F.3d 618, 621–22 (9th Cir. 1998)). Not only have plaintiffs here already filed their action against defendants and had it dismissed with prejudice, they have made no showing of significant risk that any evidence concerning the purchase of their mortgage and home loan debt by some of the defendants, or the servicing thereof by others, will be lost if it is not perpetuated.

For all of these reasons, plaintiffs' petition to perpetuate testimony (Doc. No. 26) is denied.

IT IS SO ORDERED.

Dated: **April 5, 2016**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

2